## Doran Estate

*Malcolm Campbell,* for petitioner.
*Fox, Differ & Honeyman,* for respondent.

TAXIS, P. J., June 27, 1957.—This matter arose on the filing of objections to the first account of Alice S. Doran, administratrix of the estate of John F. Doran. The objections were filed by Charles W. Doran, Jr., administrator of the estate of Margaret Doran, mother of decedent, who died subsequent to decedent. The objections are 10 in number but summarized briefly fall into three categories: (1) Complaint that certain farm equipment was excluded from the accounting: (2) complaint that certain personal property in a home jointly owned by decedent and the objector was excluded from the accounting, and (3) complaint that counsel fees are excessive. The audit of the account listed for May 6, 1957, was continued to May 22, as the time for hearing on the objections.

In preparation for this hearing, Charles F. Doran as administrator of the estate of Margaret Doran filed the present motion for leave to inspect documents and for oral examination of Alice S. Doran. administratrix. An answer thereto was filed on May 24, 1957, opposing the motion alleging that this discovery was only demanded to harass and annoy her. Respondent alleges that she is ready and willing "to produce all relevant books and records".

At the threshhold the question must be decided whether the Pennsylvania Rules of Civil Procedure dealing with depositions and discovery are applicable in the orphans' court. I conclude that they are applicable.

Section 742 of the Orphans' Court Act of August 10, 1951, P. L. 1163, provides that: "The court, by general rule or special order, may prescribe the practice relating to depositions, discovery, and the production of documents. To the extent not provided for by general rule or special order, the practice relating to such matters shall conform to the practice in the local court of common pleas." Section 3, Rule 6 of the Penn-

sylvania Supreme Court Orphans' Court Rules provides as follows: "The local Orphans' Court, by general rule or by special order, may prescribe the practice relating to depositions, discovery, and the production of documents. To the extent not provided for by such general rule or special order, the practice relating to such matters shall conform to the practice in the local Court of Common Pleas."

In Montgomery County no general rule or special order has been promulgated prescribing the practice in the orphans' court relating to depositions, discovery and the production of documents. In the absence of such rules the practice "shall conform" to the practice in the common pleas. Pennsylvania Rules of Civil Procedure are applicable in the court of common pleas, and in this proceeding, therefore, rules as promulgated by the Supreme Court are applicable.

It would seem, therefore, that section 742 of the Orphans' Court Act of 1951, P. L. 1163, effectively repeals that section of the Act of June 21, 1937, P. L. 1982, as amended, 17 PS §61.

Pennsylvania Supreme Court Orphans' Court Rule 1, sec. 3, provides that: "Except where otherwise provided by a rule adopted by the Supreme Court, or by an Act of Assembly, or by general rule or special order of the local Orphans' Court, the pleading and practice shall conform to the pleading and practice in equity in the local court of Common Pleas". It is to be observed that the words "in equity" are used in that rule. Section 1532(b) of the Rules of Civil Procedure regulating actions in equity incorporates the rules dealing with depositions and discovery of the Pennsylvania Rules of Civil Procedure. The Pennsylvania Rules of Civil Procedure in Equity, Rules 1501-1550, have been held to apply in the orphans' court: Gelwicks Estate (No. 1) 1 D. & C. 2d 37 (1953); Publicker Estate, 4 D. & C. 2d 571 (1955).

And now, June 27, 1957, the motion of Charles W. Doran, Jr., administrator of the estate of Margaret Doran, deceased, for leave to inspect documents and for oral examination of Alice S. Doran, administratrix of the estate of John F. Doran, deceased, is herewith granted, and Alice S. Doran, administratrix, is directed to produce and make available to Charles W. Doran, Jr., administrator of the estate of Margaret Doran, deceased, and to Malcolm Campbell, Esq., his attorney, the following designated documents:

(a) All documents, papers, documents of title, receipts for purchases, cancelled checks, letters, Federal income tax reports, together with schedules for the years 1951 to 1956, both inclusive, and any other tangible items relevant to the issue whether decedent at the time of his death or prior thereto owned the tangible personal property that was in the dwelling house of decedent at the time of his death, together with plow and cultivator and other miscellaneous equipment used exclusively in the farming business conducted by decedent alone.

(b) All documents, letters, papers, time-cards prepared by counsel for administratrix and by administratrix prior to the date of the service of this petition in regard to services rendered as counsel and as administratrix.

(c) All documents, papers, receipts, cancelled checks or government reports or other relevant items in regard to payments made concerning salaries as listed in the account of the amount of $1,045.

(d) All papers, documents of title, cancelled checks or other relevant items concerning payments made to Marchese GMC Sales and Service.

(e) Administratrix and her agents are also to subject themselves to oral examinations under oath by objector or his agent by the taking of depositions in order to verify the accuracy of the above items and to

explain and to elaborate upon said items of property.

The place of inspection and oral examinations to be at the office of Malcolm Campbell, Esq., 541 Swede Street, Norristown, at a time which shall be mutually agreed upon by counsel for the parties. Should they be unable to agree on or before July 1, 1957, as to a suitable and mutually agreed upon date, upon application, the court shall set a time for carrying out the provisions of this order.